IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 05-97-GF-BMM |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| KENNETH CHARLES ROWE, | |
| Defendant/Petitioner. | |

This case comes before the Court on Defendant/Petitioner Rowe's petition for writ of error *coram nobis* (Doc. 49). Rowe is a federal prisoner proceeding pro se. The Court sentenced Rowe to a sentence of 420 months on convictions for aggravated sexual abuse, abusive sexual contact, and assault resulting in serious bodily injury to a person under the age of 16. *See* Judgment (Doc. 35) at 1-2.

Rowe filed a petition for a writ of *coram nobis* on January 29, 2018. (Doc. 49.) This Court informed Rowe that 28 U.S.C. § 2255 provides the "exclusive means" by which a federal prisoner may contest his detention. (Doc. 51 at 1.) The Court advised Rowe that, for the Court to consider the merits of his claims, the Court must characterize his petition and address his claims under 28 U.S.C. § 2255. *Id.* at 2. The Court ordered Rowe to respond to indicate his intent to withdraw his petition or amend it to add any more claims that he may wish to bring

1

under 28 U.S.C. § 2255, on or before April 16, 2018. *Id.* Rowe has responded by

insisting that he wishes to proceed with his petition under the All Writs Act, 28

U.S.C. § 1651.

As the Court previously advised Rowe, "[t]he general rule is that a motion

under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may

test the legality of his detention, and that restrictions on the availability of a § 2255

motion cannot be avoided" by filing something else. *Stephens v. Herrera*, 464

F.3d 895, 897 (9th Cir. 2006); *see also Matus-Leva v. United States*, 287 F.3d 758,

761 (9th Cir. 2002) (writ of error coram nobis). The Court will recharacterize

Rowe's petition as a motion under 28 U.S.C. § 2255.

Rowe asserts that Congress never duly enacted Title 18 into law. As a result,

he argues that the Court lacked jurisdiction to hear the case against him and to

sentence him. His claims lack merit. The Court declines to address every twist

and turn of Rowe's allegations. The Court instead will summarize the broad

reasons these claims fail.

An "injury to [the] sovereignty" of the United States "aris[es] from violation

of its laws" and "suffices to support a criminal lawsuit by the Government."

*Vermont Agency of Nat'l Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771

(2000). A case or controversy existed because, in order to vindicate its sovereign

interest in the enforcement of its laws, the United States had to prove, beyond

reasonable doubt, that Rowe committed each element of the offenses alleged against him. *See, e.g.*, Indictment (Doc. 1); Minutes (Docs. 17, 18); Verdict (Doc. 20).

Congress enacted Title 18 "into positive law" long ago. *See, e.g.*, *Flores v. Attorney General*, 856 F.3d 280, 289 n.38 (3d Cir. 2017) (citing cases). Congress combined § 546 and § 547 of former Title 18 and enacted 18 U.S.C. § 3231. Section 3231 continued without interruption the federal district courts' original jurisdiction of federal offenses.

Rowe claims the 1947 House Report endorsing enactment of Title 18, *see* Act of June 25, 1948, ch. 645, § 1, 62 Stat. 683, did not properly record the vote of each member of the House. The Constitution does not require that the "yeas and Nays" of each member of Congress be recorded in order to create *any* law. This recording requirement applies only to the effort to override a presidential veto. *See* U.S. Const. art. I, § 7, cl. 2. A bill signed by the presiding member of each house and by the President becomes a law. "Where such an attested enrolled bill exists, *Marshall Field* requires 'the judicial department to act upon that assurance, and to accept the bill as having passed Congress.'" *Public Citizen v. U.S. Dist. Court*, 486 F.3d 1342, 3150 (D.C. Cir. 2007) (internal brackets omitted) (quoting *Marshall Field & Co. v. Clark*, 143 U.S. 649, 672 (1892)).

Further, even if the Court were to assume that Rowe correctly argues that

3

Congress adjourned on June 19, 1948, enrolled bills signed by the president within ten days after Congress adjourns constitute validly enacted laws.  *See* U.S. Const. art. I, § 7, cl. 2; *Edwards v. United States*, 286 U.S. 482, 494 (1932).

Congress validly enacted Title 18. *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007).  A certificate of appealability is denied because Rowe does not show he was deprived of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED:

1.  Rowe's petition for writ of error *coram nobis* (Doc. 49) is RECHARACTERIZED as a  motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

2.  So recharacterized, the motion is DENIED for lack of merit.

3.  A certificate of appealability is DENIED.  The Clerk of Court shall immediately process the appeal if Rowe files a Notice of Appeal.

4.  The Clerk of Court shall ensure that all pending motions in this case and in CV 18-15-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Rowe.

DATED this 26th day of April, 2018.

Brian Morris
United States District Court Judge