IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. KENNETH CHARLES ROWE, Defendant/Petitioner. | Cause No. CR 05-97-GF-BMM ORDER DISMISSING PETITION FOR WRIT OF ERROR *CORAM NOBIS* |

Following remand from the Court of Appeals, *see* 9th Cir. Order (Doc. 59) at 2; Mandate (Doc. 60), two items on the docket require clarification from Defendant/Petitioner Rowe, a federal prisoner proceeding pro se.

Rowe is serving a sentence of 420 months on convictions for aggravated sexual abuse, abusive sexual contact, and assault resulting in serious bodily injury to a person under the age of 16. *See* Judgment (Doc. 35) at 1-2. His conviction became final on April 16, 2007. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Rowe filed a petition for writ of error *coram nobis* on January 29, 2018. The Court explained that jurisdiction could exist only under 28 U.S.C. § 2255. *See* Order (Doc. 51) at 2. The Court provided Rowe an opportunity to decide whether he wanted to proceed under § 2255 and, if so, to bring any additional claims he might wish to make. *Id.*

1

Rowe asserted that he could not proceed under § 2255 because he had failed to comply with the one-year limitations period. *See* 28 U.S.C. § 2255(f). Row instead asked the Court to decide his claims on the merits. *See* Resp. to Order (Doc. 52) at 3. The Court already had warned Rowe of the consequences of recharacterization. *See Castro v. United States*, 540 U.S. 375, 377 (2003); Order (Doc. 51) at 2. Rowe nevertheless persisted in his request for a decision on the merits. "[T]o create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis," *Castro*, 540 U.S. at 381–82, the Court recharacterized his petition as a § 2255 motion, considered the merits of his claims, and denied them, *see* Order (Doc. 53).

About two weeks later, on May 11, 2018, Rowe filed a motion for leave to file an amended motion under 28 U.S.C. § 2255. *See* Mot. for Leave (Doc. 54) at 1. The Court already had acted on Rowe's petition/motion. As a result, the Court lacked jurisdiction to hear any new claims for relief. *See* 28 U.S.C. § 2255(h). The Court denied the requested leave. *See* Order (Doc. 55).

Rowe successfully appealed. (Doc. 59.) The Orders of April 26, 2018 (Doc. 53), and May 23, 2018 (Doc. 55), are vacated. Following the Ninth Circuit's order, the Court will "reconsider appellant's petition as a writ of error *coram nobis*." Appellate Order (Doc. 59) at 2.

Rowe's petition falls under the rule of *Matus-Leva v. United States*, 287 F.3d

758 (9th Cir. 2002). Rowe, like Matus-Leva, remains in custody on the convictions that he seeks to challenge. A petitioner in custody has "a more usual remedy" in the form of a motion under 28 U.S.C. § 2255, and typically may not invoke an extraordinary writ. *See id.* at 761. Like Matus-Leva, Rowe believes that the one-year limitations period will bar relief under § 2255. *See* 28 U.S.C. § 2255(f). A petitioner "may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements." *Matus-Leva*, 287 F.3d at 761 & n.3 (referring to the Antiterrorism and Effective Death Penalty Act of 1996, *codified at* 28 U.S.C. § 2255(f), (h)). To hold otherwise "would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions." *Id.*

Rowe's petition must be dismissed. *Coram nobis* is not an available remedy.

Accordingly, IT IS ORDERED:

1. The Orders of April 26, 2018 (Doc. 53), and May 23, 2018 (Doc. 55), are VACATED.

2. The clerk shall open a new civil file to reflect Rowe's filing of a petition for writ of error *coram nobis* (Doc. 49).

3. Based on Rowe's application to the Court of Appeals, *see* Application

(Doc. 5), *Rowe v. United States*, No. 18-35480 (9th Cir. Dec. 21, 2018), leave to proceed in forma pauperis is GRANTED.

4. The petition for writ of error coram nobis is DISMISSED.

5. The clerk shall close the civil case by entering, by separate document, a judgment of dismissal.

DATED this 13th day of September, 2019.

Brian Morris
United States District Court Judge